IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN LANGE,

Plaintiff,

v.

FRANK J. KAVENEY and
SCHMITZ, KOPMAN, KAVANEY &
MARKHAM, P.C., No.07-632-DRH

Defendant.

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendants' Motion *in Limine* to Bar Plaintiff's legal expert from testifying as to damages **(Doc. 32)**. Specifically, Defendants object to Plaintiff's expert witness Tom Keefe. Plaintiff's expert, attorney Tom Keefe, intends to testify as to the value of the underlying medical malpractice action. Defendants argue that the testimony is inadmissible under **Federal Rule of Evidence 702** and ***Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993)**. Specifically, Defendants argue that the attorney's testimony and theory as to the value of the underlying malpractice action does not meet the *Daubert* test because it cannot be tested, has not been subjected to peer review and publication, and such a theory has a high potential rate for error. Furthermore, Defendants argue that an attorney testifying as to the value of an underlying malpractice action is not reliable and is irrelevant and speculative. **See *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005) (finding that the main inquiry is whether expert testimony is**

**sufficiently reliable)**.

Plaintiff has not responded to Defendants' motion *in limine*. Plaintiff's failure to respond is construed as a concession to Defendant's motion *in limine*. Therefore, Defendants' motion *in limine* (Doc. 32) is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 4th day of December, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**