IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN LANGE,**

**Plaintiff,**

**v.**

**FRANK J. KAVENEY and**
**SCHMITZ, KOPMAN, KAVANEY &**
**MARKHAM, P.C.,**                                                          **No.07-632-DRH**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendants' motion *in limine* to bar testimony or argument that the Plaintiff's loss of his fifth toe on his right foot was caused by any act or omission of negligence by Dr. Joon Ahn (Doc. 44). Specifically, Defendants argue that Plaintiff's expert could not state that the toe could have been saved had Dr. Ahn treated Plaintiff appropriately and Plaintiff's treating physician has no opinion as to whether Dr. Ahn deviated from the standard of care. Under a medical malpractice claim, a plaintiff must present expert testimony to establish, within a reasonable degree of medical certainty, that the act of the defendant caused plaintiff's injury, and Defendants argue that since Plaintiff has not presented any evidence establishing that the acts of Dr. Ahn caused Plaintiff to lose his toe, Plaintiff should be barred from making the causation argument. However, Plaintiff argues that expert testimony at trial will show that to a reasonable degree of medical certainty, Plaintiff's toe had the potential to survive and avoid amputation if Dr. Ahn had not violated the standard

of care and had instead removed all dead tissue and foreign material from Plaintiff's toe (Doc. 45).  Plaintiff argues that he has demonstrated the availability of evidence to support his contention that to a reasonable degree of medical certainty, Plaintiff suffered a lost chance of survivability of his toe due to Dr. Ahn's negligence.

In the underlying medical malpractice action, the Plaintiff must prove that it is more probably true than not that Defendant's negligence was a proximate cause of the injury.  ***Krivanec v. Abramowitz*, 366 Ill. App. 3d 305, 356, 851 N.E.2d 849, 854 (Ill. App. 1st Dist. 2006) (citing *Borowski v. Von Solbrig*, 60 Ill. 2d 418, 424, 328 N.E.2d 301, 305 (1975))**.  The proximate cause element must be established by expert testimony "to a reasonable degree of medical certainty."  ***Id.* at 356-57, 851 N.E.2d at 854**.  Plaintiff argues that the lost chance doctrine applies in this case.  The lost chance doctrine recognizes that liability can be found when a person fails to provide the standard of care and that failure increases the risk of harm to the plaintiff.  Under the lost chance doctrine, proximate cause may be established by evidence "that the defendant's malpractice, to a reasonable degree of medical certainty, proximately caused the increased risk of harm or lost chance of recovery."  ***Holton v. Memorial Hospital*, 176 Ill. 2d 95, 119, 679 N.E.2d 1202, 1213 (Ill. 1997)**.

While Defendants argue that Plaintiff has not presented evidence to establish that Dr. Ahn's alleged actions were a proximate cause of Plaintiff's injury, Plaintiff argues that he has demonstrated the availability of evidence to support the

contention that to a reasonable degree of medical certainty plaintiff suffered a lost chance of survivability of his toe. Specifically, Plaintiff points to the medical records which Plaintiff alleges will demonstrate that Dr. Ahn knew the toe had a chance to survive. Further, Dr. Kirisits testified in his deposition that the best chance for the toe to survive was through the removal of all devitalized tissue and foreign bodies, treatment which Dr. Ahn allegedly did not utilize. Plaintiff also argues that Dr. Corn will testify that Plaintiff's toe had a chance to survive and the best chance would have been if Dr. Ahn had followed the standard of care. Therefore, Plaintiff has demonstrated the availability of evidence to support his contention that to a reasonable degree of medical certainty plaintiff suffered a lost chance and Defendants' motion *in limine* to bar testimony or argument to the Plaintiff's loss of his fifth toe on his right foot was caused by any act or omission of negligence by Dr. Joon Ahn (Doc. 44) is **DENIED**.

    **IT IS SO ORDERED.**

    Signed this 4th day of December, 2008.

/s/   David R Herndon
**Chief Judge**
**United States District Court**