IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN LANGE,**

**Plaintiff,**

**v.**

**FRANK J. KAVENEY and
SCHMITZ, KOPMAN, KAVANEY &
MARKHAM, P.C.,**                                     No.07-632-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendants' Motion in Limine to Bar introduction into evidence of Plaintiff's medical bills **(Doc. 31)**.  Specifically, Defendants argue that Plaintiff should not be allowed to introduce evidence of his medical bills because he has not established any expert testimony as to the amount of Plaintiff's medical bills related to the alleged malpractice of Dr. Ahn.  Further, Defendants argue that Plaintiff's expert witness Dr. Robert C. Corn specifically admitted in depositions that he did not review any medical charges to determine whether those charges were related to the alleged malpractice (Doc. 31, Ex. B, p. 1).  Defendants argue that under a medical malpractice action, Plaintiff must present expert testimony to establish each element of the prima facia case.  In ***Taylor v. R. D. Morgan & Associated, Ltd.***, the Court, when dealing with what the Defendants' argue is a "virtually identical situation," found the plaintiff had failed to prove the specific amount attributable to the defendant's alleged malpractice when the plaintiff did not present any expert

testimony as to the amount of the medical charges. **205 Ill. App. 3d 682, 687-88, 563 N.E.2d 1186, 1189-90 (Ill. App. 5th Dist., 1990)**. Defendants further argue that, like in *Taylor*, Plaintiff has failed to offer expert testimony as to the medical charges incurred as a result of Dr. Ahn's alleged misconduct and, therefore, the Plaintiff should be barred from introducing evidence as to the amount of medical charges due to lack of foundation.

Plaintiff, on the other hand, argues that the *Taylor* decision cited by Defendant does not stand for the proposition that medical bills are inadmissible or that expert medical testimony is needed to distinguish between bills incurred as a result of the alleged negligence versus bills that would have been incurred for normal treatment. Instead, Plaintiff argues that while he has the burden of establishing a reasonable basis for the damages claimed, when the defendant is the wrongdoer, he should not be able to escape liability simply because the damages are hard to prove. ***Gill v. Foster*, 232 Ill. App. 3d 768, 791, 597 N.E.2d 776, 791 (Ill. App. 4th Dist. 1992), *aff'd*, 626 N.E.2d 190 (Ill. 1993) (citing *Tri-County Grain Terminal Co. v. Swift & Co.*, 118 Ill. App. 2d 313, 322, 254 N.E.2d 311, 315 (Ill. App. 4th Dist. 1969))**. Plaintiff further argues that Dr. Corn's testimony shows that Dr. Ahn's failure to meet the standard of care created a confusion as to whether or not Plaintiff's toe would have survived the gunshot injury, and as a result of the negligence, Plaintiff was treated simultaneously for the gunshot wound, loss of his toe, and the infection.

Defendant relies heavily on *Taylor* for its proposition that Plaintiff should be barred from presenting evidence related to medical charges because he has failed to offer expert testimony as to the amount of medical charges that were incurred as a result of the original injury and the amount of medical charges incurred as a result of the alleged misconduct. In *Taylor*, the Appellate Court upheld a directed verdict for defendants because although plaintiff had presented evidence of medical bills his mother had paid, the plaintiff had failed to provide any evidence showing a "delineation in the record between the amount of bills incurred as a result of the original injury and the amount of the bills incurred as a result of the defendant's alleged misconduct." **Taylor, 205 Ill. App. 3d at 687-88, 563 N.E.2d at 1189.** The Appellate Court determined that there was no way a jury could determine the amount of damages attributable to the defendant based on the evidence presented. *Id.* However, as Plaintiff accurately points out the court in *Taylor* never discussed the admissibility of medical bills and never required expert opinion in order to distinguish the various medical expenses.

A plaintiff does have the burden to establish a reasonable basis for computing damages, "since an award of damages may not be based on conjecture or speculation and must be shown to have a causal relationship to the complained of wrong." **Id. at 688, 563 N.E.2d at 1190**. However, in *Gill*, the Appellate Court noted that where damages caused by the defendant can not be separated from damage caused by others, "it is as logical to award plaintiff the entire amount of damages as it is to

award plaintiff no damages." **232 Ill. App. 3d at 791, 597 N.E.2d at 791 (citing *Gaunt & Haynes, Inc. v. Moritz Corp.*, 138 Ill. App. 3d 56, 363, 485 N.E.2d 1123, 1128 (Ill. App. 5th Dist. 1985))**. Further, the Appellate Court stated that a defendant cannot escape liability "simply because the plaintiff's damages are difficult to prove." ***Id.*, 597 N.E.2d at 791 (citing *Tri-County Grain Terminal Co.*, 118 Ill. App. 2d at 322, 254 N.E.2d at 315).** While the Appellate Court in *Gill* did uphold the trial court's exclusion of medical bills on the basis of *Taylor*, the Appellate Court found that the trial court had broad discretion to determine the admissibility of evidence and the trial court had logically determined that the lengthy medical bills included an extremely detailed breakdown which was well suited to being broke down to the costs associated with the injury itself and costs associated with the negligence. ***Id.* at 791, 597 N.E.2d at 790.** The trial court specifically stated that the situation was not one where the costs were incapable of being broke down and that there were qualified people who could break down the bills. ***Id.*, 597 N.E.2d at 790.** As the Appellate Court noted, "where a rational basis can be found for some reasonable apportionment of damages…the trial court may require that plaintiff present that evidence and not simply offer the jury evidence of the entire amount." ***Id.* at 792, 597 N.E.2d at 792.**

However, Plaintiffs argue that the exact opposite is true in this case. Plaintiff argues that there is confusion, due to Dr. Ahn's negligence, about the extent of care that would have been required for the gunshot wound. Plaintiff further argues that

Plaintiff was treated simultaneously for the gunshot wound, loss of his toe, and the raging infection. Plaintiff states that Dr. Corn's testimony will show that any confusion over whether the toe would have survived or not was the result of Dr. Ahn's failure to meet the standard of care. Plaintiff's situation is therefore distinguishable from the situation in *Gill* where the medical bills were broken down in detail and a qualified person could have determined which items were related to the original injury and which were a result of the negligence. Therefore, the Court **DENIES** Defendants' motion *in limine* to bar introduction into evidence of Plaintiff's Medical Bills (Doc. 31).

    **IT IS SO ORDERED.**

    Signed this 4th day of December, 2008.

/s/ David R Herndon
**Chief Judge
United States District Court**