# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN LANGE,**

**Plaintiff,**

v.

**FRANK J. KAVENEY and**
**SCHMITZ, KOPMAN, KAVANEY &**
**MARKHAM, P.C.,**                                   No.07-632-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Plaintiff's motion *in limine* to bar Defendant's expert H. John Visser, D.P.M from offering opinions as to the standard of care for orthopedic surgeons (Doc. 26). Specifically, Plaintiff argues that Podiatrist Visser is not licensed in the same school of medicine as Dr. Ahn and his credentials do not meet the two part test in Illinois for determining the admissibility of expert testimony regarding the applicable standard of care. Plaintiff argues that Podiatrist Visser is not licensed as an orthopedic surgeon or an M.D. and is not qualified based upon his education and training to render an opinion as to the applicable standard of care of

a board-certified orthopedic surgeon. Further, Plaintiff argues that Podiatrist Visser's expert testimony does not comply with **Federal Rule of Evidence 702** because as a Doctor of Podiatric Medicine, his opinion and report are unreliable and not based on the knowledge of an orthopedic surgeon.

On the other hand, Defendants argue that under ***Jones v. O'Young*, 154 Ill. 2d 39, 607 N.E.2d 224 (Ill. 1992)**, an expert does not have to specialize in the same area of medicine as the defendant, but the issue is whether the allegations of negligence concern matters within the expert's knowledge and observation (Doc. 36). Defendants further cite ***Wingo v. Rockford Memorial Hospital*, 292 Ill. App. 3d 896, 906, 686 N.E.2d 722, 729 (Ill. 1997)**, arguing that the risk of imposing a higher standard of care on the defendant when allowing an expert from a different school of medicine to testify is not present when there is no different standard between the proffered expert's school of medicine and the school of medicine to which the defendant belongs. Defendants argue that Podiatrist Visser is qualified to testify because he has special training in surgery related to the foot, has taken orthopedic classes, attended speciality training attended by both podiatrists and orthopedic physicians, has experience with dealings with infections related to the foot, and treats several gunshot wounds to the foot a year at Mineral Area Regional Medical Center in Farmington, Missouri.

Illinois has two foundational requirements used to determine the admissibility of expert testimony establishing the applicable standard of care and breach of that

standard. The physician must first "be a licensed member of the school of medicine about which he proposes to testify." ***Jones*, 154 Ill. 2d 39, 43, 607 N.E.2d 224, 225 (1992) (citing *Purtill v. Hess*, 111 Ill. 2d 229, 242-43, 489 N.E.2d 867, 872 (Ill. 1986)).** Second, "'the expert witness must show that he is familiar with the methods, procedures, and treatments ordinarily observed by other physicians, in either the defendant physician's community or a similar community.'" *Id.* Once the foundational requirements are met, the court has discretion to determine whether the physician is competent to testify as an expert regarding the standard of care. ***Id.* at 43, 607 N.E.2d at 225-26.**

In ***Dolan v. Galluzzo*, 77 Ill. 2d 279, 396 N.E.2d 13 (Ill. 1979)**, the Court established that the testifying expert must be from the same school of medicine as the defendant. **77 Ill. 2d at 283, 285, 396 N.E.2d at 16**. In that case, an orthopedic surgeon was not allowed to testify as an expert regarding the standard of care of a podiatrist because he was not from the same school of medicine as a podiatrist. The Court reasoned that there are different schools of medicine with different tenets "and that inequities would be occasioned by testing the care and skill of a practitioner of one school of medicine by the opinion of a practitioner of another school." *Id.* **at 283, 396 N.E.2d at 16**. The Court also found that Illinois "has long recognized podiatrists as a separate and distinct profession of healers who are severely limited in their practice and whose educational requirements are substantially different than those of physicians." *Id.* **at 281-282, 396 N.E.2d at 15**.

Podiatrists are licensed under one legislative act, while medical doctors are licensed under the Medical Practice Act, and the Illinois Supreme Court sought to protect those licensed under one legislatively designated school of medicine from "having their methods of treatment judged by a professional licensed in another legislatively designated 'school of medicine.'" **Bartimus v. Paxton Community Hospital, 120 Ill. App. 3d 1060, 1069, 458 N.E.2d 1072, 1079 (Ill. App. 4th Dist. 1983).** In this case, Visser is licensed as a podiatrist while the standard of care at issue is that of an orthopedic surgeon. As *Dolan* and *Bartimus* point out, podiatrists are from a different legislatively designated school of medicine than an orthopedic surgeon. A podiatrist is licensed under the **Podiatric Medical Practice Act, 225 ILCS 100/1 et. seq.**, a different legislatively designated school of medicine than a physician or orthopedic surgeon who is licensed under the **Medical Practice Act, 225 ILCS 60/1 et. seq**. Therefore, Visser does not meet the first prong of the two part standard under *Purtrill* because he is not from the same school of medicine.

Defendants, however, argue that under a more recent Illinois Supreme Court decision, the Supreme Court held that a specialist did not have to be from the same area of medicine as the defendant. **See *Jones*, 154 Ill. 2d 39, 607 N.E.2d 224.** *Jones,* however, specifically upheld the two requirements established in *Purtill*, finding that the requirements are "a threshold beneath which the plaintiff cannot fall without failing to sustain the allegations of his complaint." ***Id.* at 44, 607 N.E.2d at 226.** Further, the Illinois Supreme Court has upheld the requirement that the

expert be from the same school of medicine as the area of medicine he intends to testify. **Sullivan v. Edward Hospital, 209 Ill. 2d 100, 114, 806 N.E.2d 645, 655 (Ill. 2004) (finding that *Jone*s does not "retreat" from the *Dolan* rule regarding "same school of medicine" but rather reaffirmed the two requirements established in *Purtill*).**

Defendants further argue that Visser should be allowed to testify as an expert because the standard of care is the same whether the doctor is a podiatrist or orthopedic surgeon and cites *Wingo* to support their proposition. In *Wingo*, three physicians were allowed to testify about the standard of care of a nurse. However, the Court found that the *Dolan* licensing requirements did not apply because the standard of care at issue involved the nurse's communications between the doctor and not nursing procedures, so the issue did not concern an area of medicine which might have a different standard of care. **Wingo, 292 Ill. App. 3d at 906, 686 N.E.2d at 729**. The Court stated that the licensing requirements in *Dolan* were designed to prevent a higher standard of care from being imposed on the defendant and ensure that the expert has expertise n dealing with the patient's medical problems. *Id*. However, in this case, Visser is testifying about the standard of care related to medical procedures, similar to the situation in *Dolan* so the fact situation presented in *Wingo* is not applicable. **See also Sullivan, 209 Ill.2d at 118, 806 N.E.2d at 657**. Therefore, the Court finds, that Visser is not from the same school of medicine as which he proposes to testify about and, notwithstanding the

representations in the Defendant's latest motion to supplement this motion (Doc. 48), Plaintiff's motion *in limine* to bar Defendant's expert H. John Visser, D.P.M. is consistent with the law and is therefore **GRANTED**.

**IT IS SO ORDERED.**

Signed this 4th day of December, 2008.

/s/      David R Herndon
**Chief Judge**
**United States District Court**